**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MARC ZORN and ANDREW YOUSSEF,

Plaintiffs,

<b>REPORT AND<br>RECOMMENDATION</b>

- against -

CV 14-6222 (JS) (AKT)

SPLIT VISION ENTERTAINMENT LLC,
ECLIPSE FILM FUNDING LLC,
CARLUCCI WEYANT a.k.a. CARL
WEYANT, GORDON DJORDJEVSKI
a.k.a. GORAN DJORDJEVSKI and
KEVIN PUGLIESE,

Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiffs Marc Zorn and Andrew Youssef (collectively, "Plaintiffs") bring this breach of

contract action against Defendants Split Vision Entertainment LLC ("Split Vision"), Eclipse

Film Funding LLC ("Eclipse"), Carlucci Weyant a.k.a Carl Weyant ("Weyant"), Gordon

Djordjevski a.k.a. Goran Djordjevski ("Djordjevski"), and Kevin Pugliese ("Pugliese")

(collectively, "Defendants") seeking the rescission of a settlement agreement entered into by the

parties in a prior federal civil action ("the Settlement Agreement").  Plaintiffs' claim for

rescission is based upon:  (1) breach of contract; (2) failure of consideration; (3) fraudulent

inducement; and (4) fraud.  *See generally* Compl. [DE 1].

Defendants Split Vision, Weyant, and Pugliese (collectively, "the Split Vision

Defendants") filed an Answer to the Complaint and two cross-claims against Djordjevski for

breach of contract and fraudulent misrepresentation.  DE 10.  Plaintiffs thereafter entered into a

Stipulation of Settlement with the Split Vision Defendants, pursuant to which the Split Vision Defendants agreed to rescind the Settlement Agreement and to participate in arbitration commenced by Plaintiffs in Nassau County. *See* DE 19. Judge Seybert "so-ordered" the Stipulation of Settlement and dismissed the Split Vision Defendants as defendants in this matter. DE 21.

Meanwhile, Defendants Djordjevski and Eclipse (collectively, "the Defaulting Defendants") have failed to appear in this action, despite having been served with the Summons and Complaint. *See* DE 7-DE 8. On January 29, 2015, the Clerk of Court entered a notation of default against the Defaulting Defendants, *see* DE 16, and on February 3, 2015, Plaintiffs moved for entry of default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, on their claim for rescission of the Settlement Agreement, *see* DE 17. Plaintiffs state in their motion papers that, although the Complaint seeks relief in addition to the rescission of the Settlement Agreement – namely, reinstatement of the underlying civil action and an award of costs, disbursements, and attorneys' fees – "Plaintiffs are only seeking a default judgment with respect to the rescission of the Settlement Agreement" in light of the fact that the Split Vision Defendants have agreed to arbitration. Declaration of Kevin Singer in Support of Plaintiffs' Motion for Default Judgment ("Singer Decl.") ¶ 2 n.1 [DE 17-1]; *see* Plaintiff's Memorandum of Law in Support of Their Motion for Default Judgment (Pls.' Mem.) at 5 [DE 17-6].

Judge Seybert referred the motion to this Court for a Report and Recommendation as to whether Plaintiffs' motion should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded to the Plaintiffs. *See* DE 20. Based upon the information submitted by Plaintiffs, as well as the applicable law, and for the reasons set forth

below, the Court respectfully recommends to Judge Seybert that Plaintiffs' motion be

GRANTED and that default judgment be entered against the Defaulting Defendants.

## II.  BACKGROUND

The following facts are taken from the Complaint and the attachments to it.  Plaintiffs are

New York-based investors who were allegedly defrauded by Defendants.  Compl. ¶¶ 21-22.  On

December 13, 2013, Plaintiffs filed a civil Complaint in the Eastern District of New York ("the

Underlying Action") against Defendants and two additional parties, namely, Crescent Moon

Production Studios ("Crescent Moon") and Amir Hugh Robinson a.k.a. Hugh Robinson

("Robinson") (collectively, "the Original Defendants").  *Id.* ¶ 1.[1] The Underlying Action was

assigned to Judge Spatt under docket number CV 13-7145.  *Id.* ¶¶ 1, 7.

Plaintiffs brought the Underlying Action pursuant to 20(a) of the Securities Exchange Act

of 1934, 15 U.S.C §§ 78j and t, Rule 10b-5 promulgated by the Securities and Exchange

Commission, 17 C.F.R. §240.10b-5, "and various legal and equitable claims under New York

common law including, but not limited to, fraud, fraudulent inducement, breach of

representations and warranties, breach of contract, breach of fiduciary duty, conversion, and

unjust enrichment."  Compl. ¶ 2.  Plaintiffs sought to recover monetary damages resulting from a

scheme to defraud perpetrated by the Original Defendants "in connection with the sale of

securities in a movie production venture and the diversion of hundreds of thousands of dollars of

proceeds from Plaintiffs' investments in these securities for the personal use of the [Original]

Defendants."  *Id.*

On March 14, 2014, Defendants filed an answer and counterclaim while

contemporaneously moving to stay the Underlying Action and to compel arbitration.  *Id.* ¶¶ 3-4.

---

[1]    Plaintiffs allege, upon information and belief, that Robinson, Weyant, and Djordjevski
are the individual controlling officers of Eclipse, a Florida corporation.  Compl. ¶¶ 24-25.

Defendants Crescent Moon and Robinson also filed a motion to dismiss the Complaint.  *Id.* ¶ 5.

Around July 3, 2014, Plaintiffs filed a Notice of Voluntary Dismissal, without prejudice,

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), dismissing their claims in the

Underlying Action as against Crescent Moon and Robinson.  *Id.* ¶ 6.  Judge Spatt "so-ordered"

the notice on July 7, 2014.  *Id.* ¶ 7.

Plaintiffs and Defendants thereafter agreed to settle their dispute in the Underlying

Action "without resorting to further litigation."  *Id.* ¶ 9.  The parties executed the Settlement

Agreement on or about August 14, 2014.  *Id.*; *see* Settlement Agreement, attached to Compl. as

Ex. A [DE 1-3].  The Settlement Agreement provides, in relevant part, that, upon execution of

the Settlement Agreement, Plaintiffs shall file a Stipulation of Discontinuance in favor of the

Defendants "discontinuing this action with prejudice as to them and without costs to any party."

Settlement Agreement ¶ 2.  The Settlement Agreement further provides that Defendants "shall

pay to Plaintiffs' counsel as attorneys for Plaintiffs the sum of One Hundred Thousand Dollars

($100,000.00) (the "Settlement Amount") . . . within thirty (30) days following service of an

Order by the United States District Court for the Eastern District of New York approving the

Stipulation of Discontinuance."  *Id.*; Compl. ¶ 10.  The Settlement Agreement states:

> This Settlement Agreement shall be governed by the substantive
> laws of the State of New York, without regard to its conflict of
> law. Plaintiffs and the Settling Defendants submit to the exclusive
> jurisdiction and venue of either the United States District Court for
> the Eastern District of New York or the Supreme Court of the State
> of New York, Nassau County, for the determination of all issues
> arising out of this Stipulation of Settlement.

Settlement Agreement ¶ 9; Compl. ¶ 12.[2]

---

[2]     The Settlement Agreement also provides for the exchange of General Releases between
the parties which were to "be held in escrow pending entry of an order by the Court approving

On or about September 18, 2014, Plaintiffs and the Defendants filed a Stipulation and Order of Dismissal with Prejudice in the Underlying Action, pursuant to Rule 41(a)(1)(A)(ii) ("the Stipulation"). Compl. ¶ 13, *see* Stipulation, attached to the Compl. at Ex. B [DE 1-4]. The Stipulation provides, in pertinent part, that "this Court shall retain jurisdiction over the parties to the Settlement Agreement and this action for the purpose of enforcing the terms of the Settlement Agreement which the parties have executed contemporaneously herewith and any further proceedings arising therefrom." Stipulation at 1-2; Compl. ¶ 14. Judge Spatt "so-ordered" the Stipulation on September, 22, 2014 "and the action was marked 'Case Closed.'" Compl. ¶ 15; *see* Stipulation.

Plaintiffs' counsel served a copy of the Court's "so-ordered" Stipulation with notice of entry upon Defendants' counsel on September 22, 2014. Compl. ¶ 16; *see* Notice of Entry, attached to Compl. as Ex. C [DE 1-5]. According to the Complaint, Plaintiff's service of the Stipulation on September 22, 2014 "render[ed] payment of the Settlement Amount due on or before October 22, 2014." Compl. ¶ 16. However, October 22, 2014 "passed without payment of the Settlement Amount having been made by the . . . Defendants as agreed to in the Settlement Agreement." Compl. ¶ 17.

## III.  RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this action on October 23, 2014. DE 1. Plaintiffs served defendants Djordjevski and Eclipse with a copy of the Summons and Complaint on November 13, 2014 and November 20, 2014, respectively. DE 7-8. The Defaulting Defendants did not file an Answer. On December 4, 2014, the Split Vision Defendants filed an Answer to

---

the Stipulation of Discontinuance and full payment of the Settlement Amount." Compl ¶ 11 (emphasis omitted).

the Complaint and two cross-claims against Djordjevski for breach of contract and fraudulent misrepresentation.  DE 10.

On January 13, 2015, counsel for Plaintiffs and the Split Vision Defendants appeared before this Court for an Initial Conference.  DE 14.  The Defaulting Defendants did not appear at the conference.  During the conference, the Court "inquired of plaintiffs' counsel why, instead of starting a new action, the plaintiffs did not seek to reopen the previous case since the Court had retained jurisdiction to enforce the settlement."  *Id.* ¶ 1.  Plaintiffs' counsel informed the Court that "plaintiffs are seeking to rescind the settlement agreement at this juncture, not to enforce it."  *Id.*

Plaintiffs and the Split Vision Defendants thereafter entered into a Stipulation of Settlement, pursuant to which the Split Vision Defendants agreed to rescind of the Settlement Agreement and to participate in arbitration.  DE 19.  Judge Seybert "so-ordered" the Stipulation of Settlement on February 27, 2015 and directed the Clerk of the Court to terminate the Split Vision Defendants as defendants in this action.  DE 21.

Meanwhile, Plaintiffs filed a Request for a Certificate of Default against the Defaulting Defendants on January 29, 2015.  DE 15.  That same day, the Clerk of Court entered a notation of default against the Defaulting Defendants.  DE 16.  Plaintiffs filed the instant motion for default judgment on February 3, 2015.  DE 17.  The motion was referred to this Court by Judge Seybert on February 26, 2015.  DE 20.

IV.     **STANDARD OF REVIEW**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. 55(a). Entry of a default judgment is a two-step process and requires first that the clerk of the court "enter the party's default" indicating that a party has "failed to plead or otherwise defend." Fed. R. Civ. 55(a). After the clerk has issued a certificate of default, the moving party may then make an application for entry of a default judgment, pursuant to Rule 55 (b)(2), as Plaintiffs have done here. "Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5 Bros. Grocery Corp.*, No. 13-CV-2451, 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied* 560 U.S. 1080 (1993)); *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) ("A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true."). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Deckers Outdoor Corp. v. TKM Forest Hills, LLC*, No. 12-CV-5986, 2014 WL 4536715, at *4 (E.D.N.Y. Sept. 11, 2014); *Krevat*, 2014 WL 4638844, at *5.

"The decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *Perez v. Sajovic*, No. 14-CV-01922, 2014 WL 6983445, at *3 (E.D.N.Y. Dec. 10, 2014); *see Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). "As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat*, 2014 WL 4638844, at *5 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir.

2001); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "These factors are: (1) 'whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.'" *Id.* (quoting *Tr. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension and Welfare Funds v. Flooring Experts, Inc.* ("*Flooring Experts*"), No. CV 12–6317, 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013)).

## IV.    DISCUSSION

The Court now analyzes the three factors set forth in *Flooring Experts* as applied to the facts and circumstances of this case.

### A.    Willfulness

As to the first factor, the Defaulting Defendants' "failure to appear, failure to respond to the Complaint, and failure to respond to the instant motion sufficiently demonstrate willfulness." *Id.* at *6 (citing *e.g. S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998) (unexplained failure to respond to complaint indicates willfulness); *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding defendants' failure to appear, failure to respond to the complaint and failure to respond to a motion for default judgment indicates willful conduct)).

Plaintiffs have submitted a proof of service to the Clerk of the Court demonstrating that the Summons and Complaint were served upon the Defaulting Defendant.  DE 7-8.  More specifically, the documentation provided by Plaintiffs indicates that defendant Djordjevski was personally served with a copy of the Summons and Complaint on November, 13, 2014.  *See*

DE 8.  Plaintiff served defendant Eclipse on November 20, 2014 by delivering a copy of the

Summons and Complaint to an authorized agent of the corporation.  DE 7.  As noted, neither of

the Defaulting Defendants has answered or otherwise moved with respect to the Complaint, nor

have the Defaulting Defendants requested an extension of time to respond.  The Defaulting

Defendants also did not appear at the Initial Conference conducted before this Court on

January 14, 2015.  DE 14.  Plaintiffs' motion for default judgment was served upon the

Defaulting Defendants, via mail, to their respective last known addresses.  DE 17-7.[3]  The

Defaulting Defendants have not responded to Plaintiffs' motion for default judgment, have not

appeared in this action, and have not communicated with the Court in any way.  Accordingly, the

failure by the Defaulting Defendants to answer the Complaint and to respond to the instant

motion is sufficient to establish willfulness.  *See Krevat*, 2014 WL 4638844, at *6; *McNulty*, 137

F.3d at 738; *see also United States v. DiPaolo*, 466 F.Supp.2d 476, 482 (S.D.N.Y.2006).

**B.     Meritorious Defense**

The Court now considers whether the Defaulting Defendants have a meritorious defense.

"A defense is meritorious if it is good at law so as to give the factfinder some determination to

make."  *Am. Alliance Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57, 61 (2d Cir. 1996) (quoting *Anilina*

*Fabrique de Cloroants v. Aakash Chems. & Dyestaffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988))

(internal quotation marks omitted).  "While a defendant need not establish his defense

conclusively, he must 'present evidence of facts that, if proven at trial, would constitute a

complete defense.'"  *Krevat*, 2014 WL 4638844, at *6 (quoting *McNulty*, 137 F.3d at 740).

---

[3]     Plaintiffs mailed their motion to Djordjevski using the same address where he was
personally served with the Summons and Complaint:  28078 Hickory Drive, Farmington Hills,
Michigan, 48331.  DE 17-7.  Plaintiffs mailed their motion to Eclipse using a corporate address –
1521 Alton Road, Suite #866, Miami Beach, Florida 33139 – and an address for Eclipse's
authorized agent – 13302 Winding Oaks Court, Suite A, Tampa, Florida 33612.  *Id.*

Moreover, "where a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.* at *6 (citing *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11–CV–46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012)); *Mack Fin. Servs. v.. Poczatek*, No. CV–10–3799, 2011 WL 4628695, at *4 (E.D.N.Y. Aug. 30, 2011). If a defendant presents no defense to the court, the allegations in the complaint are deemed admitted. *Id.* (citing *Indymac Bank*, 2007 WL 4468652, at *1); *see, e.g.*, *Flanagan v. N. Star Concrete Const., Inc.*, No. 13-CV-2300, 2014 WL 4954615, at *5 (E.D.N.Y. Oct. 2, 2014); *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 143 (E.D.N.Y. 2013). Here, the Defaulting Defendants have not interposed an answer, nor have they otherwise presented any defense to the Court. These factors weigh in favor of granting a default judgment, and the allegations in Plaintiffs' Complaint are deemed admitted. *See Krevat*, 2014 WL 4638844, at *6.[4]

However, "[a] plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." *Deckers Outdoor Corp.*, 2014 WL 4536715, at *4; *see Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009).

---

[4]     The Court notes that some of the allegations in the Complaint are pled on information and belief. *See* Compl ¶¶ 23-29. "In general, 'conclusory allegations based on information and belief' are insufficient to support a finding of default-based liability." *Flanagan*, 2014 WL 4954615, at *6 (quoting *J & J Sports Prods., Inc. v. Daley*, No. CV–06–0238, 2007 WL 7135707, at *3–4 (E.D.N.Y. Feb. 15, 2007)). "However, allegations on information and belief may be sufficient to hold defendant individually liable on default judgment where they state facts primarily within the defendant's knowledge." *Id.* (citing *e.g. Sexy Hair Concepts, LLC v. Sexy Hair Inc.*, No. 12–CV–3937, 2013 WL 5460629, at *4 (E.D.N.Y. Sept. 30, 2013) (deeming admitted allegation on information and belief that the defendant owned corporate entity and directed and controlled the activity of the business in default judgment context); *Joe Hand Promotions, Inc. v. Blais*, No. 11–CV–1214, 2013 WL 5447391, at *3 (E.D.N.Y. Sept. 20, 2013) (deeming admitted allegations pled on information and belief in default judgment context)). Accordingly, where the facts pled on information and belief state facts primarily within Defendant's knowledge, such facts will be deemed admitted.

"'[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *Balady, Inc. v. Elhindi*, No. 14 CV 855, 2014 WL 7342867, at *3 (E.D.N.Y. Dec. 23, 2014) (quoting *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010)); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action); *Krevat*, 2014 WL 4638844, at *6 ("Even if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims.").

Plaintiffs' Complaint alleges a single cause of action against the Defaulting Defendants for rescission of the Settlement Agreement. *See generally* Compl. Plaintiffs base this cause of action on four grounds: (1) breach of the Settlement Agreement; (2) failure of consideration; (3) fraudulent inducement; and (4) fraud. *Id.* ¶¶ 32-51. The Court will now examine the allegations set forth in the Complaint to determine if they state a valid claim for rescission of the Settlement Agreement.

### 1. Rescission of the Settlement Agreement

"It is well established that 'settlement agreements are contracts and must therefore be construed according to general principles of contract law.'" *Collins v. Harrison–Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)) (alteration omitted). Under New York law,[5] "'[t]he effect of rescission of a contract is to declare the contract void from its inception and to put or restore the parties to

---

[5]     As noted above, the Settlement Agreement specifically provides that New York law applies to any dispute arising out of the agreement, *see* Settlement Agreement ¶ 9, and Plaintiffs have not argued otherwise. Accordingly, the Court will apply New York law to resolve Plaintiffs' claims regarding the Settlement Agreement. *See Collins*, 303 F.3d at 433 (applying the law of New York to interpret settlement agreement where the agreement provided that New York law applies and parties did not argue that any other law should apply).

*status quo.*'" *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 165 (S.D.N.Y. 2014), *reconsideration denied* (Apr. 21, 2014) (quoting *Cnty. of Orange v. Grier*, 30 A.D.3d 556, 817 N.Y.S.2d 146, 147 (2006)). "Rescission is an 'extraordinary' remedy and is not available when there is an adequate remedy at law." *Ward*, 3 F. Supp. 3d at 164-65 (quoting *Ellington v. Sony/ATV Music Publ'g LLC*, 85 A.D.3d 438, 925 N.Y.S.2d 20, 22 (2011)); *see, e.g.*, *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 678 (2d Cir. 1989) (referencing rescission as "an extraordinary remedy").

"'In order to justify the intervention of equity to rescind a contract, a party must allege fraud in the inducement of the contract; failure of consideration; an inability to perform the contract after it is made; or a breach in the contract which substantially defeats the purpose thereof.'" *Ogunsanya v. Langmuir*, No. 08-CV-940, 2008 WL 4426590, at *3 (E.D.N.Y. Sept. 26, 2008) (quoting *Babylon Assocs. v. Suffolk Cnty.*, 101 A.D.2d 207, 475 N.Y.S.2d 869 (2d Dep't 1984)). In other words, "Plaintiffs may be entitled to rescission of the Settlement Agreement on the grounds either that they have stated a claim for fraud in the inducement of the contract, or that [the Defaulting] Defendants' alleged breach of the Settlement Agreement is substantial, goes to the root of the contract, and, thus, justifies such relief." *McDarren v. Marvel Entm't Grp., Inc.*, No. 94 CIV. 0910, 1994 WL 388994, at *7 (S.D.N.Y. July 22, 1994). As noted above, Plaintiffs allege in their Complaint that the Settlement Agreement should be rescinded on the following grounds: (1) breach of the Settlement Agreement (*i.e.*, breach of contract); (2) failure of consideration; (3) fraudulent inducement; and (4) fraud. *See* Compl. ¶¶ 32-51. The Court will address each of these grounds in turn.

### a.     Breach of Contract

To state a *prima facie* claim for breach of contract, a plaintiff must plausibly allege
(1) the existence of a contract, (2) the plaintiff's own adequate performance of the contract,
(3) breach by the defendant, and (4) damages resulting from the breach.  *See, e.g.*, *Eternity
Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004);
*First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998); *Rexnord
Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525–26 (2d Cir. 1994).

Here, Plaintiff's Complaint alleges that Plaintiffs "entered into a valid and binding
Settlement Agreement" with Defendants.  Compl. ¶ 48; *see generally* Settlement Agreement.
The copy of the Settlement Agreement attached to the Complaint shows that the agreement was
signed by all parties to the Underlying Action, including the Defaulting Defendants.  *See*
Settlement Agreement at 6-7.  The Settlement Agreement provides, as relevant here, that
Defendants must pay Plaintiffs the Settlement Amount (*i.e.*, $100,000.00) within 30 days of
service of an order by the Court approving the parties' Stipulation dismissing the Underlying
Action.  *Id.* ¶ 10.  According to the Complaint, Plaintiffs "performed all of their obligations
under the Settlement Agreement."  Compl. ¶ 49.  More specifically, Plaintiffs filed the
Stipulation to discontinue the Underlying Action with prejudice, *see id.* ¶ 13 and, after Judge
Spatt "so-ordered" the Stipulation, *id.* ¶ 15, Plaintiffs served a copy of the Stipulation with notice
of entry on Defendants' counsel, *id.* ¶ 16.  The Complaint states that Defendants "materially
breached the Settlement Agreement by failing to pay the Settlement Amount . . . to Plaintiffs
within thirty (30) days following service of Plaintiffs' Notice of Entry on September 22, 2014.
*Id.* ¶ 51; *see id.* ¶ 17.  Meanwhile, the Underlying Action has been dismissed with prejudice.  *Id.*

¶ 15.  The Court finds that, accepting Plaintiffs' allegations as true, the Complaint sufficiently

sets forth the elements of a breach of contract claim against the Defaulting Defendants.

The inquiry does not end there, however.  The Court must next determine whether the

breach allegedly committed by the Defaulting Defendants is sufficient to warrant rescission of

the Settlement Agreement.  "A party's breach of its obligations [under a contract] will only

warrant rescission, as an extraordinary remedy, when it is material and fundamental so as to

frustrate the intent of the parties and defeat the purpose of the contract."  *Spanski Enterprises,*

*Inc. v. Telewizja Polska, S.A.*, No. 10 CIV. 4933, 2013 WL 81263, at *12 (S.D.N.Y. Jan. 8,

2013).  As the Second Circuit explained in *Septembertide*:

> [B]efore rescission will be permitted the breach must be 'material
> and willful, or, if not willful, so substantial and fundamental as to
> strongly tend to defeat the object of the parties in making the
> contract.' . . . As an extraordinary remedy, rescission is appropriate
> only when a breach may be said to go to the root of the agreement
> between the parties.

884 F.2d at 878 (quoting *Callaman v. Powers*, 199 N.Y. 268, 284 (1910) (internal citation

omitted); *see also New Windsor Volunteer Ambulance Corps, Inc. v. Meyer*s, 442 F.3d 101, 117

(2d Cir. 2006) ("When a party has breached a contract, that breach may excuse the nonbreaching

party from further performance if the breach is 'material.'").  "[A] 'failure to perform in every

respect is not essential, but a failure which leaves the subject of the contract substantially

different from what was contracted for is sufficient.'"  *Spanski*, 2013 WL 81263, at *12 (quoting

*K.M.L. Lab. Ltd. v. Hopper*, 830 F. Supp. 159, 163 (E.D.N.Y. 1993)) (internal quotation marks

and alteration omitted).  In other words, "if the breach 'substantially defeats' the purpose of the

contract, rescission may be the appropriate remedy."  *Ogunsanya*, 2008 WL 4426590, at *3

(quoting *Babylon*, 101 A.D.2d at 215).

The Complaint asserts that Defendants "materially breached the Settlement Agreement by failing to pay the Settlement Amount" and that Plaintiffs are entitled to rescission of the Settlement Agreement "by virtue of Defendants' breach." Compl. ¶¶ 50-51. Assuming Plaintiffs' allegations are true, the Court agrees that failure to pay the Settlement Amount – a material term bargained for by the parties – constitutes a material breach which "go[es] to the root of the agreement between the parties." *Septembertide*, 884 F.2d at 878. Moreover, the Court finds the parties' intent to settle their claims in the Underlying Action "without resorting to further litigation," Compl. ¶ 9, has been frustrated by the Defaulting Defendants' failure to pay the Settlement Amount, and that, at this juncture, the purpose of the Settlement Agreement appears to have been substantially defeated. *See Spanski*, 2013 WL 81263, at *12. For these reasons, rescission of the Settlement Agreement would be an appropriate remedy for Plaintiffs' allegations of breach of contract.

Based on the foregoing factors, the Court concludes that Plaintiffs have adequately stated a claim for rescission of the Settlement Agreement based on breach of contract.

### b. Failure of Consideration

"'Failure of consideration exists wherever one who has promised to give some performance fails without his or her fault to receive in some material respect the agreed quid pro quo for that performance. Failure of consideration gives the disappointed party the right to rescind the contract.'" *Faunus Grp. Int'l, Inc. v. Ramsoondar*, No. 13CV6927, 2014 WL 2038884, at *3 (S.D.N.Y. May 16, 2014) (quoting *Independent Energy Corp. v. Trigen Energy Corp.*, 944 F. Supp. 1184, 1199 (S.D.N.Y. 1996)) (alteration omitted); *see also In re MBM Entm't, LLC*, No. 14-10991, 2015 WL 3405386, at *41 (Bankr. S.D.N.Y. May 27, 2015)

("[F]ailure of consideration . . . requires proof that no consideration was provided at all and could not have been provided in light of circumstances that the parties did not anticipate."). "Where a plaintiff has received little or nothing of value, rescission based upon failure of consideration is warranted." *Independent Energy*, 944 F. Supp. at 1199 (citing *Yochim v. Mount Hope Cemetery Ass'n*, 623 N.Y.S.2d 80, 82, 163 Misc.2d 1054 (N.Y. City Ct. 1994)); *see Faunus Grp.*, 2014 WL 2038884, at *3; *see also Blue Ridge Farms, Inc. v. Crown Equip. Corp.*, No. 01 CV 8460, 2005 WL 755756, at *10 (E.D.N.Y. Mar. 28, 2005) ("Under New York law, rescission is permitted where there has been a failure of consideration.") (internal quotation marks omitted).

Here, the Complaint states that "[a]s part and parcel of the Settlement Agreement," Plaintiffs discontinued the Underlying Action with prejudice in consideration for Defendants' payment of the Settlement Amount within 30 days following service by Plaintiff of the Court's "so-ordered" Stipulation with notice of entry. Compl. ¶ 32. However, "[s]olely to Plaintiffs' detriment, Defendants failed to satisfy their obligations under the Settlement Agreement and to make payment of the consideration to Plaintiffs, in direct violation of the parties' bargained-for-exchange." *Id.* ¶ 33. The Complaint asserts that Plaintiffs are therefore entitled to rescission of the Settlement Agreement "by virtue of failure of consideration." *Id.* ¶ 34. The Court finds that these allegations are sufficient to state a claim for rescission of the Settlement Agreement based on failure of consideration. *See, e.g.*, *GMAC Mortgage Corp. of Pa. v. Weisman*, No. 95 CIV. 9869, 1998 WL 132791, at *9 (S.D.N.Y. Mar. 23, 1998) (rescission permitted where "there was a complete failure of consideration.").

c.     **Fraudulent Inducement**

16

"Settlement agreements, like other contracts, may be rescinded for fraud or mutual mistake." *N. Shipping Funds I, L.L.C. v. Icon Capital Corp.*, 998 F. Supp. 2d 301, 318 (S.D.N.Y. 2014) (citing *McDarren v. Marvel Entertainment Group, Inc.*, No. 94 Civ. 0919, 1994 WL 388994, *7 (S.D.N.Y. July 22, 1994); *Held v. Kaufman*, 91 N.Y.2d 425, 431, 671 N.Y.S.2d 429, 694 N.E.2d 430 (1998)). "To prevail on a claim for fraud in the inducement of a contract under New York law, [a plaintiff] must show '(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff.'" *N. Shipping Funds I,*, 998 F. Supp. 2d at 318 (quoting *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006)); *see Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415–16 (2d Cir. 2006) (quoting *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996)).

"It is well-settled under New York law that 'a cause of action sounding in fraud is not viable when the only fraud charged relates to a breach of contract.'" *Wyly v. CA, Inc.*, No. CV 05-4430, 2009 WL 8691097, at *11 (E.D.N.Y. Sept. 2, 2009) *report and recommendation adopted*, No. 05CV4430, 2009 WL 3128034 (E.D.N.Y. Sept. 29, 2009) *aff'd sub nom. Wyly v. Computer Assocs. Inter. Inc.*, 384 F. App'x 46 (2d Cir. 2010) (quoting *Miramax Film Corp. v. Abraham*, No. 01 Civ. 5202, 2003 WL 22832384, at *12 (S.D.N.Y. Nov. 24, 2003)). "In addition, a plaintiff cannot convert a breach of contract claim into a fraud claim merely by adding 'an allegation that defendant never intended to uphold its end of the deal." *Wyly*, 2009 WL 8691097, at *12 (internal quotation marks and alteration omitted). "Put another way, a claim for fraudulent inducement does not arise simply because a party entered into a contract while simultaneously intending to breach it." *Enzo Biochem, Inc. v. PerkinElmer, Inc.*, No. 03

CIV. 3817, 2013 WL 5943987, at *5 (S.D.N.Y. Oct. 28, 2013) (citing *767 Third Ave. LLC v. Greble & Finger, LLP*, 778 N.Y.S.2d 157, 158 (2004) ("It is well settled that a cause of action for fraud does not arise where the only fraud alleged merely relates to a party's alleged intent to breach a contractual obligation.")).

"However, not every fraud claim is foreclosed in an action also involving a contract." *Wall*, 471 F.3d at 416. "Even where the parties have a contractual relationship, a claim for fraud may be maintained where plaintiff can '(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate reliance on a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.'" *Wyly*, 2009 WL 8691097, at *12 (quoting *Miramax Film Corp.*, 2003 WL 22832384, at *11); *see Bridgestone/Firestone, Inc. v. Recovery Credit Svcs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996).

Here, the Complaint alleges that "Defendants made false pre-contractual representations that they intended to and were ready, willing and/or able to provide Plaintiffs with the Settlement Amount of $100,000.00, knowing that they were false at the time made." Compl. ¶ 42. In particular, "Defendants failed to disclose numerous 'contingencies,' which would need to occur for them to be able to make payment of the Settlement Amount, including, but not limited to, yet another scheme related to a high-risk movie venture –unrelated to the fraudulent movie production scheme upon which the Underlying Action was based.'" *Id.* ¶ 43. According to Plaintiffs, Defendants made these misrepresentations "with the specific intent that Plaintiffs would rely on them, and Plaintiffs did, in fact, reasonably rely on them, to their detriment." *Id.*

¶ 44. The Complaint asserts that "Defendants never intended to pay [the] Settlement Amount and misrepresented their intentions solely to induce Plaintiffs to discontinue with prejudice their Underlying Action against the Defendants." *Id.* ¶ 45. "But for Defendants' material misrepresentations and/or concealed material facts," Plaintiffs assert, they "would not have entered into the Settlement Agreement, and would not have discontinued with prejudice their various claims against the Defendants." *Id.* ¶ 46.

These allegations are not sufficient to state a claim for rescission of the Settlement Agreement based on fraudulent inducement. Plaintiffs have not satisfied any of the elements necessary to sustain a claim for fraudulent inducement arising out of a contractual relationship. *See Wyly*, 2009 WL 8691097, at *12. For one, Plaintiffs are not seeking special damages in this action – in fact, the only damages they seek on this motion are in the form of rescission of the Settlement Agreement. *See* Pl.'s Mem. at 5. Plaintiffs also have not alleged that (1) the Defaulting Defendants owed Plaintiffs a legal duty separate and apart from their contractual responsibilities, or that (2) Plaintiffs relied on fraudulent misrepresentations which were collateral or extraneous to the Settlement Agreement. *See Wyly*, 2009 WL 8691097, at *12. Plaintiffs claim that Defendants failed to disclose several "contingencies" which needed to occur before they could pay the Settlement Amount, including that they were embarking on another "high-risk movie venture." Compl. ¶ 43. However, these misrepresentations cannot be considered collateral or extraneous to the Settlement Agreement, as Plaintiffs assert that Defendants made the misrepresentations "solely to induce Plaintiffs to discontinue with prejudice their Underlying Action." *Id.* ¶ 45. Ultimately, the fraudulent inducement claimed here is based on Plaintiffs' allegations that the Defaulting Defendants entered into the Settlement

Agreement "while simultaneously intending to breach [it]." *Enzo Biochem*, 2013 WL 5943987, at *5. "A claim for fraudulent inducement will not lie against a defendant who merely intended to breach the agreement when it entered the agreement." *Id.* Accordingly, the Court concludes that the Complaint does not state a claim for rescission of the Settlement Agreement based on fraudulent inducement.

### d.     Fraud

Plaintiffs' allegations of fraud essentially mirror those underlying their claim for rescission based on fraudulent inducement. *See* Compl. ¶¶ 35-41. In particular, the Complaint alleges that "Defendants fraudulently induced Plaintiffs to enter into the Settlement Agreement and discontinue their claims against Defendants, when Defendants had no intention of honoring their obligations under the Settlement Agreement." *Id.* ¶ 36. The Complaint further alleges that Defendants deliberately misled Plaintiffs "into believing that Defendants had the financial wherewithal or intention of timely making payment of the Settlement Amount" and that Defendants would ultimately pay the Settlement Amount. *Id.* ¶ 38. As discussed above, "'where a fraud claim is premised upon an alleged breach of contract and the supporting allegations do not concern representations which are collateral or extraneous to the contract, a cause of action sounding in fraud does not lie.'" *Enzo Biochem,* 2013 WL 5943987, at *5 (quoting *Bridgestone/Firestone*, 98 F.3d at 20); *see Wyly*, 2009 WL 8691097, at *12 ("Where plaintiff's fraud claim is based on the same set of facts as his breach of contract claim, with the addition only of an allegation that defendant never intended to perform the promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract." (internal quotation marks omitted)). Accordingly, the Court finds that

Plaintiffs' allegations are not sufficient to state a claim for rescission of the Settlement Agreement based on fraud.

In sum, the Court concludes that, accepting the allegations in the Complaint as true, Plaintiffs have asserted a viable claim for rescission of the Settlement Agreement based on breach of contract and failure of consideration. However, Plaintiffs failed to state a viable cause of action for rescission based on fraudulent inducement of contract and fraud.

### 2. *Availability of the Equitable Remedy of Rescission*

As discussed above, rescission of a contract is an equitable remedy which "is not available when there is an adequate remedy at law." *Ward*, 3 F. Supp. 3d at 164-65. Thus, if "damages would be an adequate remedy" for a breach of contract claim, a claim for rescission of the contract does not lie. *Id.* at 165. Here, Plaintiffs' Complaint requests attorneys' fees, costs, and disbursements in addition to rescission of the Settlement Agreement. *See* Compl. at 10 (Prayer for Relief). However, Plaintiffs have since expressed in their motion that they are only seeking a default judgment with respect to their claim for rescission of the Settlement Agreement, and are not seeking to recover any monetary damages, costs, or attorneys' fees. Singer Decl. ¶ 2 n.1 ("Plaintiffs are only seeking a default judgment with respect to the rescission of the Settlement Agreement[.]"); Pls.' Mem. at 5 ("[T]he relief sought in the Complaint herein is not a monetary judgment, but rather, it seeks the rescission of a certain Settlement Agreement between the parties, which will enable Plaintiffs to pursue their claims against all Defendants in arbitration."). Moreover, the Complaint does not seek to enforce the Settlement Agreement by compelling the Defaulting Defendants to pay the Settlement Amount, or otherwise allege that damages would adequately remedy the Defendants' breach of that agreement. *Ward*, 3 F. Supp.

3d at 165.  In light of these circumstances, the Court finds that the equitable remedy of rescission is available to Plaintiffs.

### C.      Prejudice

The final factor the Court must consider is whether the non-defaulting parties would be prejudiced if the motion for default judgment were to be denied.  Here, denying this motion would be prejudicial to Plaintiffs "as there are no additional steps available to secure relief in this Court."  *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06–CV–14226, 2008 WL 5560868, at * 2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders*, 2003 WL 1960584, at * 3).  Without the entry of a default judgment, Plaintiffs would be unable to recover for the claim adequately set forth in the Complaint.[6]  Since all three factors have been met with respect to Plaintiffs' claim for rescission of the Settlement Agreement, a default judgment is warranted.  The Court therefore recommends to Judge Seybert that default judgment be entered against the Defaulting Defendants on Plaintiffs' cause of action for rescission of the Settlement Agreement based on breach of contract and failure of consideration.

### D.      Damages

Although a default judgment entered on the well-pleaded allegations in a complaint establishes a defendant's liability, the burden is on the plaintiff to establish its entitlement to the relief sought in the complaint.  *See Deckers*, 2014 WL 4536715, at *6, *10; *Gen. Nutrition Inv. Co. v. Gen. Vitamin Centers, Inc.*, 817 F. Supp. 2d 66, 72 (E.D.N.Y. 2011).  As explained previously, although Plaintiffs' Complaint requests that the Underlying Action be reinstated and

---

[6]      In the Court's view, Plaintiffs could have moved to reopen the Underlying Action, instead of commencing the instant action, in order to obtain relief they seek here, *i.e.*, rescission (rather than enforcement) of the Settlement Agreement.  Despite the availability of this procedural option, the Court nevertheless finds that Plaintiffs would be prejudiced by the denial of their motion for default judgment.

that Plaintiffs be awarded attorneys' fees, costs, and disbursements, Plaintiffs have moved for default judgment only on their claim for rescission of the Settlement Agreement. Singer Decl. ¶ 2 n.1; Pls.' Mem. at 5. The Court therefore recommends to Judge Seybert that Plaintiffs be granted this relief and that the Settlement Agreement be rescinded as to the Defaulting Defendants.

## V.   CONCLUSION

Based upon the foregoing information, the Court respectfully recommends to Judge Seybert that (1) a default judgment is warranted and should be entered against the defendant Eclipse and defendant Djordjevski as to Plaintiffs' cause of action for rescission of the Settlement Agreement based on breach of contract and failure of considerations, as set forth in the Complaint; and (2) the Settlement Agreement be rescinded as to those defendants.

## VI.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Beverly v. Walker,* 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied,* 522 U.S. 883, 118 S.Ct. 211, 139 L.Ed.2d 147 (1997); *Savoie v. Merchants Bank,* 84

F.3d 52, 60 (2d Cir. 1996).

**Plaintiffs' counsel is directed to serve a copy of this Report and Recommendation upon the Defendant Eclipse and Defendant Djordjevski forthwith by overnight mail and first class mail and to file proof of such service on ECF.**


**SO ORDERED.**

Dated: Central Islip, New York
July 13, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON