```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARC ZORN and ANDREW YOUSSEF,

                        Plaintiffs,


        -against-                          MEMORANDUM & ORDER
                                           14-CV-6222(JS)(AKT)
SPLIT VISION ENTERTAINMENT LLC, ECLIPSE
FILM FUNDING LLC, CARLUCCI WEYANT a/k/a
CARL WEYANT, GORDAN DJORDJEVSKI a/k/a
GORAN DJORDJEVSKI, and KEVIN PUGLIESE,

                        Defendant.
----------------------------------------X
```

APPEARANCES
For Plaintiffs:           Christopher Adam Renke, Esq.
                          Keith J. Singer, Esq.
                          Abrams Fensterman
                          1111 Marcus Avenue, Suite 107
                          Lake Success, NY 11042

For Defendants
Split Vision,
Weyant & Pugliese:        Steven H. Glassberg, Esq.
                          Glassberg & Associates
                          1375 Broadway, 3rd Floor
                          New York, NY 10018

Eclipse Film:             No appearances.

Djordjevski:              No appearances.

SEYBERT, District Judge:

   Currently pending before the Court are: (1) plaintiffs Marc Zorn and Andrew Youseff's (collectively, "Plaintiffs") motion for default judgment, (Docket Entry 17); and (2) Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), recommending that this Court grant the

motion for default judgment, (Docket Entry 22). For the following reasons, the Court ADOPTS the R&R in its entirety.

BACKGROUND

Plaintiffs commenced this action on October 23, 2014 against defendants Split Vision Entertainment LLC ("Split Vision"), Eclipse Film Funding LLC ("Eclipse"), Carlucci Weyant a/k/a Carl Weyant ("Weyant"), Gordon Djordjevski a/k/a Goran Djordjevski ("Djordjevski"), and Kevin Pugliese ("Pugliese") (collectively, "Defendants"), seeking the rescission of a settlement agreement entered into by the parties in a prior federal civil action ("the Settlement Agreement"). On February 23, 2015, Plaintiffs and Defendants Split Vision, Weyant, and Pugliese (the "Split Vision Defendants") entered into a stipulation of settlement pursuant to which the Split Vision Defendants agreed to rescind the Settlement Agreement. (Docket Entry 19.) The undersigned so-ordered their stipulation on February 27, 2015. (Docket Entry 21.)

However, Defendants Djordjevski and Eclipse (the "Defaulting Defendants") have failed to appear in this action, despite having been served with the Summons and Complaint. (See Docket Entries 7, 8.) On January 29, 2015, Plaintiffs requested a certificate of the Defaulting Defendants' default, (Docket Entry 15), and the Clerk of the Court certified their default that same day, (Docket Entry 16). On February 3, 2015,

Plaintiffs moved for a default judgment against the Defaulting Defendants. (Docket Entry 17.) On February 26, 2015, the undersigned referred the motion for a default judgment to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation on whether the motion should be granted. (Docket Entry 20.) On July 13, 2015, Judge Tomlinson issued her R&R, recommending that the undersigned grant default judgment against the Defaulting Defendants as to Plaintiffs' cause of action for rescission of the Settlement Agreement based on theories of breach of contract and failure of considerations. (R&R at 23.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

For the foregoing reasons, Judge Tomlinson's R&R (Docket Entry 22) is ADOPTED in its entirety and Plaintiffs' motion for a default judgment (Docket Entry 17) is GRANTED. The Clerk of the Court is directed to enter a default judgment against Defendants Eclipse and Djordjevski as to Plaintiffs' cause of action for rescission of the Settlement Agreement based on theories of breach of contract and failure of considerations. The Clerk of the Court is further directed to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __15__, 2015
       Central Islip, New York